UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SILVER CREEK CAPITAL, LLC, | Case No. 2:22-CV-1515 JCM (EJY) |
| Plaintiff(s), | ORDER |
| v. | |
| NATIONAL DEFAULT SERVICING CORPORATION, et al., | |
| Defendant(s). | |

Presently before the court is plaintiff Silver Creek Capital's motion to remand this case to state court. (ECF No. 16). Defendant Bank of America, N.A. filed a response (ECF No. 18), to which plaintiff replied (ECF No. 25).

Also before the court is plaintiff's motion for attorney fees (ECF No. 17). Defendant filed a response (ECF No. 19), to which plaintiff replied (ECF No. 25).

**I.      Background**

This is one of the many actions between a real estate investor and a bank regarding a property sold at an HOA foreclosure sale following the 2008 recession. Plaintiff, an LLC claiming an interest in the property, challenges the validity of the note held by Bank of America, and its trustee, National Default Servicing Corp. ("NDSC"). Principally, plaintiff claims that the deed of trust held by defendants has been deemed satisfied by Nevada's so-called ancient-lien statute and asks the court to quiet title in the property. (ECF No. 1-1). It also brings several claims attendant to that request, including declaratory relief, wrongful foreclosure, and various violations of Nevada law regarding the duties of each defendant pertaining to the foreclosure. (*Id.*)

**James C. Mahan**
**U.S. District Judge**

Plaintiff originally filed this suit in state court on August 5, 2022, and served Bank of America on August 15, 2022.  (*Id.*)  It filed a motion for a temporary restraining order on August 11, 2022, enjoining a potential foreclosure of the subject property, which the state court granted on August 30, 2022.  (*Id.*)  Bank of America then timely removed the matter to this court on September 12, 2022.  (*Id.*)  Plaintiff now moves to remand the case to state court on the ground that the parties are not completely diverse (ECF No. 16), and it requests the attorney fees it has accrued to oppose the allegedly improper removal (ECF No. 17).

## II.    Legal Standard

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'"  *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)).  Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  A district court has original jurisdiction over matters in which the amount in controversy exceeds $75,000, and the parties are citizens of different states.  28 U.S.C. § 1332.  The parties must be completely diverse, in that no two opposing parties may be citizens of the same state.  *See Lincoln Prop. Co. v. Roch*, 546 U.S. 81 (2005).

An exception to the requirement of complete diversity exists where a non-diverse defendant has been "fraudulently joined."  *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).   Thus, diversity jurisdiction exists notwithstanding the presence of a fraudulently-joined, non-diverse defendant in the action.  *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998).  "[F]raudulent joinder is a term of art. If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent."  *Id.* (quoting *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)) (quotation marks omitted).

"Fraudulent joinder must be proven by clear and convincing evidence."  *Hamilton Materials Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007).  The Ninth Circuit has

James C. Mahan
U.S. District Judge

- 2 -

"made it clear that the party invoking federal court jurisdiction on the basis of fraudulent joinder bears a 'heavy burden' since there is a 'general presumption against fraudulent joinder.'" *Weeping Hollow Ave. Trust v. Spencer*, 831 F.3d 1110, 1113 (9th Cir. 2016) (quoting *Hunter*, 582 F.3d at 1046). If there is even a *possibility* that a Nevada state court could find that the complaint states a claim for relief against the allegedly fraudulently joined defendant, the court must remand the case. *Hunter*, 582 F.3d at 1044–46.

Because the court's jurisdiction is limited by the constitution and 28 U.S.C. §§ 1331, 1332, "[t]he threshold requirement for removal under 28 U.S.C. § 1441 is a finding that the complaint contains a cause of action that is within the original jurisdiction of the district court." *Ansley v. Ameriquest Mortg. Co.*, 340 F.3d 858, 861 (9th Cir. 2003) (quoting *Toumajian v. Frailey,* 135 F.3d 648, 653 (9th Cir. 1998)). Thus, "it is to be presumed that a cause lies outside the limited jurisdiction of the federal courts and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).

A plaintiff may challenge removal by timely filing a motion to remand. 28 U.S.C. § 1447(c). On a motion to remand, the removing defendant must overcome the "strong presumption against removal jurisdiction" and establish that removal is proper. *Hunter*, 582 F.3d at 1042 (quoting *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir.1992) (per curiam)). Due to this strong presumption against removal jurisdiction, the court resolves all ambiguity in favor of remand to state court. *Id.*

### III. Discussion

#### A. Motion to Remand

At issue here is the parties' diversity of citizenship. As the initial complaint, the operative pleading at the time of removal, states: (1) Bank of America is a citizen of North Carolina, (2) NDSC is a citizen of Arizona, and (3) plaintiff is a citizen of both Nevada and Arizona by virtue of the fact that it has an "owner/member" who "is a natural person who permanently resides and is permanently domiciled" in each state.

**James C. Mahan**
**U.S. District Judge**

- 3 -

Federal jurisdiction is determined on the basis of the operative complaint at the time of removal, not any subsequent amendments. *See Grupo Dataflux v. Atlas Global Group, L.P.,* 541 U.S. 567, 571 (2004); *Wisconsin Dep't of Corrections v. Schacht*, 524 U.S. 381, 391, 118 S.Ct. 2047, 141 L.Ed.2d 364 (1998); *Strotek Corp. v. Air Transp. Ass'n. of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002). For the purposes of diversity jurisdiction, a person is a citizen of the state in which they are domiciled; a person is domiciled where they reside with the intention to remain indefinitely, or to which they intend to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A corporation is a citizen of every state in which it is incorporated, and, in the state where it has its principal place of business. *Danjaq, S.A. v. Pathe Commc'ns Corp.*, 979 F.2d 772, 774 (9th Cir. 1992); 28 U.S.C. § 1332(c)(1). An LLC and a partnership are a citizen of every state where its owners/members are citizens. *Johnson v. Columbia Prop. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

In the amended complaint, filed more than four months after removal, plaintiff brings new allegations that one of its owners is a corporation with North Carolina citizenship. (ECF No. 14). At the time of removal, there were no allegations that any member of plaintiff was a citizen of North Carolina. *See* (ECF No. 1-1). Thus, plaintiff's purported North Carolina citizenship will not destroy diversity.

However, plaintiff's Arizona citizenship will destroy that diversity. Bank of America argues that NDSC, the party whose citizenship presents the diversity problem in this case, is a fraudulently joined defendant, and its citizenship should therefore be disregarded. Bank of America fails to meet the exceedingly high burden required to prove fraudulent joinder, however. As mentioned above, to overcome the presumption against fraudulent joinder, a party must prove by clear and convincing evidence that plaintiff has failed to state a cause of action against the allegedly fraudulently joined defendant according to the "settled rules of the state." *Ritchie*, 139 F.3d at 1318; *Hamilton Materials*, 494 F.3d at 1206.

It is true that federal courts in this jurisdiction have resoundingly rejected plaintiff's frivolous claims regarding Nevada's ancient lien statute and the so-called "show me the note" argument as a matter of law. *See RH Kids, LLC v. Nat'l Default Servicing Corp.,* No. 2:22-CV-

2135-JCM-VCF, 2023 WL 1860930, at *5–6 (D. Nev. Feb. 9, 2023) (collecting cases rejecting both theories). The same cannot be said of state courts, however.

As the record of this case shows, the Eight Judicial District Court granted a temporary restraining order enjoining foreclosure proceeding because it determined "Plaintiff has a reasonable likelihood of success on the merits." (ECF No. 1-1 at 94). Whether this court agrees on the merits is irrelevant—defendant has not provided clear and convincing evidence that the rules of the state are settled such that a claim could not possibly lie against NDSC. *See Arns Fund, LLC v. MTC Fin., Inc.,* No. 2:22-CV-0995-JAD-BNW, 2022 WL 17177861, at *2 (D. Nev. Nov. 22, 2022) (concluding that a trustee defendant was not fraudulently joined when the state court had enjoined a foreclosure in light of materially identical claims). Thus, this court must remand the matter back to state court.

B. Motion for Attorney Fees

Plaintiff also moves for an award of attorney fees incurred as a result of opposing this removal. (ECF No. 17). The court denies that motion.

Absent a statute or enforceable contract, a court generally may not depart from the "American Rule" that each party pays its own attorney's fees and costs. *Alyeska Pipeline Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975); *MRO Commc'ns, Inc. v. Am. Tel. & Tel. Co.*, 197 F.3d 1276, 1280–81 (9th Cir. 1999). The decision to award attorney's fees is left to the sound discretion of the court. *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 139 (2005).

"[A]bsent unusual circumstances, courts *may* award attorney's fees under § 1447(c) only [when] the removing party lacked an objectively reasonable basis for seeking removal." *Martin*, 546 U.S. at 136 (emphasis added); *see also Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006). The court assesses the clarity of the relevant law to determine whether there was an objectively reasonable basis for seeking removal. *See Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1066 (9th Cir. 2008).

This case is one of a plethora of actions arising from the Nevada HOA foreclosure crisis. As mentioned above, federal courts in this jurisdiction have lockstep ruled in favor of defendants like Bank of America and NDSC. However, state courts have been somewhat more receptive to

the claims and have issued injunctions halting foreclosures to allow the claims to proceed. In light of this split of authority, the court finds that it was objectively reasonable for defendants to remove this case. Even if they were ultimately unsuccessful, there was a colorable argument that NDSC was a fraudulently joined defendant. Because of that, the court, exercising its sound discretion, declines to award attorney fees. *See Martin*, 546 U.S. at 139.

## IV.  Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion to remand (ECF No. 16) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that plaintiff's motion for attorney's fees (ECF No. 17) be, and the same hereby is, DENIED

IT IS FURTHER ORDERED that the clerk shall REMAND this case back to the Eighth Judicial District Court for Clark County, Nevada, Case No. A-22-856569-C, and CLOSE this case.

DATED March 2, 2023.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**